IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT BOYKIN, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 18-356-LPS |
| | : | |
| KOLAWOLE AKINBAYO, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

Robert Boykin. *Pro se* Petitioner.

Brian L. Arban, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

March 31, 2021
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Presently pending before the Court is Petitioner Robert Boykin's ("Petitioner") Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 2) The State filed an Answer in opposition. (D.I. 14) For the reasons discussed, the Court will dismiss the Petition.

## II. BACKGROUND

On November 9, 2015, Petitioner pled guilty to drug dealing (cocaine) and illegal possession of a controlled substance (Xanax). (D.I. 14 at 1) In exchange, the State agreed to re-declare Petitioner a habitual offender under 11 Del. Code § 4214(a), and agreed it would not pursue sentencing under the mandatory life without parole provision of 11 Del. Code § 4214(b). (D.I. 15-4 at 43) The State also agreed to recommend a Level V sentence of six and one half years. (*Id.*) On December 18, 2015, the Superior Court sentenced Petitioner as follows: for the drug dealing conviction, to six years and six months at Level V; for the illegal possession of controlled substance conviction, to one year at Level V, suspended for one year at Level III. (D.I. 14 at 2) Petitioner did not appeal.

In July 2016, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") and a motion to appoint counsel. (D.I. 15-4 53-68) The Superior Court granted Petitioner's motion to appoint counsel, but then counsel moved to withdraw in December 2016. (D.I. 14 at 2; D.I. 15-4 at 77-83) On January 30, 2017, the Superior Court granted counsel's motion to withdraw and denied Petitioner's Rule 61 motion. *See State v. Boykin*, 2017 WL 420162 (Del. Super. Ct. Jan. 30, 2017). On January 18, 2018, the Delaware Supreme Court affirmed the Superior Court's decision, but determined that the Superior Court had incorrectly listed Petitioner's illegal possession charge as having an aggravated factor and had

incorrectly sentenced him on the charge as a result. *See Boykin v. State*, 179 A.3d 821 (Table), 2018 WL 480511, at *2 (Del. Jan. 18, 2018). The Delaware Supreme Court remanded the case to the Superior Court to correct the illegal possession charge and its corresponding sentence. *Id.* On February 8, 2018, the Superior Court issued a corrected sentence order on the illegal possession charge, sentencing Petitioner to six months at Level V, suspended for one year at Level III. (D.I. 14 at 3; D.I. 15-12)

## III. STANDARD OF REVIEW

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). As explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99.

2

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. *See* 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## IV. DISCUSSION

Petitioner timely filed the § 2254 Petition presently before the Court, asserting the following three claims for relief: (1) his Fourth Amendment rights were violated by a police search of his cell phone (D.I. 2 at 5; D.I. 4 at 7); (2) trial counsel provided ineffective assistance by not exploring his actual innocence and for allowing him to enter into a plea agreement that was "obviously unknowing and involuntary" (D.I. 2 at 7; D.I. 4 at 10); and (3) prosecutorial misconduct (D.I. 2 at 8; D.I. 4 at 14).

### A. Claim One: Fourth Amendment Violation

In Claim One, Petitioner contends that Officer DuPont's warrantless search of his cell phone violated the Fourth Amendment. For the following reasons, the Court will deny Claim One.

Pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976), a federal habeas court cannot review a Fourth Amendment claim if the petitioner had a full and fair opportunity to litigate the claim in the state courts. *See also Wright v. West*, 505 U.S. 277, 293 (1992). A petitioner is considered to have had a full and fair opportunity to litigate such claims if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure, irrespective of whether the petitioner actually availed himself of that mechanism. *See U.S. ex rel. Hickey v. Jeffes*, 571 F.2d 762,

766 (3d Cir. 1980); *Boyd v. Mintz*, 631 F.2d 247, 250 (3d Cir. 1980). Conversely, a petitioner has not had a full and fair opportunity to litigate a Fourth Amendment claim, and therefore, avoids the *Stone* bar, if the state system contains a structural defect that prevented the state court from fully and fairly hearing that Fourth Amendment argument. *See Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002). Significantly, "an erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the [*Stone*] bar." *Id.*

In this case, Petitioner could have filed a pre-trial motion to suppress the evidence pursuant to Rule 41 of the Delaware Superior Court Rules of Criminal Procedure. The fact that Petitioner did not file a Rule 41 motion to suppress does not demonstrate that Delaware's system contains a structural defect. Therefore, the Court will deny Claim One as barred by *Stone*.

### B. Claim Two: Ineffective Assistance of Counsel

According to Petitioner, at the of his arrest, a police officer informed him that a dash cam video showed him throwing bags of crack cocaine out of his car window at the time he was stopped. (D.I. 15-4 at 81) The dash cam video was never provided to Petitioner for his review. On the day Petitioner entered his plea, trial counsel informed him that the video did not show him throwing drugs out the window. Nevertheless, Petitioner agreed to enter a guilty plea because trial counsel advised him that he could still be convicted on the basis of the State's other evidence. The other evidence consisted of medications found in Petitioner's motel room and text messages recovered from a cell phone that appeared to discuss activities related to drug dealing. (D.I. 15-4 at 81)

In Claim Two, Petitioner contends that trial counsel provided ineffective assistance by failing to investigate Petitioner's claim that he was actually innocent. More specifically, Petitioner asserts that the police officer who testified at his preliminary hearing lied by stating that the dash cam video captured an image of Petitioner tossing the drugs from the car. (D.I. 4 at 10-14) Petitioner also

4

asserts that trial counsel provided ineffective assistance by allowing him to enter into a plea that was "obviously unknowing and involuntary."

Petitioner presented the allegations in Claim Two in his Rule 61 motion to the Superior Court and again on post-conviction appeal. The Superior Court denied the argument as meritless, and the Delaware Supreme Court affirmed that decision "on the basis of the court's well-reasoned decision of January 30, 2017." *Boykin*, 2018 WL 480511, at *1. Therefore, Claim Two will only warrant habeas relief if the Superior Court's[1] decision was either contrary to, or an unreasonable application of, clearly established law.

The Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* In the context of a guilty plea, prejudice is established by showing there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have proceeded to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A court can choose to address the prejudice prong before the deficient

---

[1] *See Wilson v. Sellers*, 138 S. Ct. 1188, 1193-94 (2018) (federal habeas law employs "look through" presumption that assumes later unexplained order upholding a lower court's reasoned judgment rests upon same grounds as lower court judgment). In this case, the Court will "look through" the Delaware Supreme Court's summary affirmance to the Superior Court's decision.

performance prong, and reject an ineffective assistance of counsel claim solely on the ground that the defendant was not prejudiced. *See Strickland*, 466 U.S. at 698.

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

As an initial matter, the Delaware Supreme Court properly identified the *Strickland/Hill* standard in affirming the Superior Court's denial of Claim One. Therefore, the Delaware Supreme Court's decision was not contrary to clearly established Federal law. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause.").

The Court must also determine if the Superior Court reasonably applied the *Strickland/Hill* standard to the facts of Petitioner's case. When performing the second prong of the § 2254(d) inquiry, the Court must review the Superior Court's decision with respect to Petitioner's ineffective assistance of counsel Claim through a "doubly deferential" lens.[2] *See Richter*, 562 U.S. at 105. The

---

[2] As explained by the *Richter* Court,

> [t]he standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).

6

relevant question when analyzing counsel's performance under the "doubly deferential lens" "is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* In turn, when assessing prejudice under *Strickland*, the question is "whether it is reasonably likely the result would have been different" but for counsel's performance, and the "likelihood of a different result must be substantial, not just conceivable." *Id.* Finally, when viewing a state court's determination that a *Strickland* claim lacks merit through the lens of § 2254(d), federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* at 101.

To begin, Petitioner's contention that an officer lied during his preliminary hearing about the dash cam video showing him throwing the drugs out the window is belied by the record. The State only called one police officer to testify during the preliminary hearing, Detective Bruhn. The transcript of the preliminary hearing reveals that Detective Bruhn did not provide any testimony that the dash cam video showed Petitioner toss crack cocaine from his window. (D.I. 15-4 at 19-35) Rather, Detective Bruhn testified that a probation officer surveilled Petitioner at the motel where he resided and witnessed two incidents at the motel that looked like hand-to-hand drug transactions. (D.I. 15-4 at 24-26, 33) Detective Bruhn also testified that the probation officer followed Petitioner while he drove his vehicle and, since Petitioner was driving while his license was revoked and suspended, the officer initiated a traffic stop. The vehicle was searched by another police officer and nothing of value was found except Petitioner's cell phone. However, Detective Bruhn explained that the police officer conducted an area search "where the vehicle had turned and was driving slowly," and how "two bags of an off-white rock-like substance were found." (D.I. 15-4 at 26-27) After describing the weight of the bags, Officer Bruhn stated, "They [the two bags] were

---

562 U.S. at 105 (internal citations omitted).

positioned in a manner to where it appeared that they were just thrown from the vehicle." (D.I. 15-4 at 27) Petitioner stated, "He's up there lying." (*Id.*)

Since Petitioner's underlying argument regarding Officer Bruhn's alleged false testimony is itself untrue, trial counsel did not perform deficiently by failing to investigate a false claim of actual innocence. Petitioner also cannot demonstrate that he was prejudiced by trial counsel's failure to investigate an allegation of innocence so clearly rebutted by the transcript of the preliminary hearing. Given these circumstances, the Court concludes that the Superior Court reasonably applied *Strickland* in denying the instant allegation of ineffective assistance.

Petitioner's contention that trial counsel provided ineffective assistance by permitting him to enter a plea that was "obviously unknowing and involuntary" is similarly unavailing. The Superior Court held that trial counsel did not perform deficiently because, "there is no question, after a review of the plea colloquy, Plea Agreement and Truth in Sentencing Guilty Plea Form, that [Petitioner] entered his guilty pleas freely, voluntarily, and intelligently with a full understanding of the consequences." *Boykin*, 2017 WL 420162, at *3. The Superior Court then explained that the guilty plea provided Petitioner with a clear benefit, and that it was reasonable for Petitioner to enter into a plea agreement in which the State recommended "a sentence of six and a half years of imprisonment" when Petitioner, as a "second time habitual offender," "faced a possible sentence of life without parole." *Id.* at *3. Based on the foregoing facts, the Superior Court also held that Petitioner failed to satisfy the prejudice prong of *Strickland*. *Id.*

It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Here, the transcript of Petitioner's plea colloquy contains his clear and explicit statements that he had discussed his case with trial counsel and that he was satisfied with

his counsel's representation. (D.I. 15-4 at 41) Petitioner affirmatively stated he understood the charges against him and that he was guilty of those charges. (*Id.*) Petitioner also stated that he agreed he was a habitual offender, and he understood: (1) the State was going to re-declare him as a habitual offender; (2) he faced a recommended total sentence of six and a half years of unsuspended Level V time under the plea agreement; (3) there is a minimum mandatory sentence for drug dealing; and (4) he faced a sentence up to life without parole if convicted at trial. (D.I. 15-4 at 39-40) In turn, the Truth–In–Sentencing Guilty Plea Form signed by Petitioner indicates that he knowingly and voluntarily entered into his plea agreement; he had not been promised anything not contained in the plea agreement; he was not forced or threatened to enter the plea agreement; and he knew he faced a possible maximum sentence of life under the criminal penalty statutes, with a minimum mandatory sentence of two years. (*Id.* at 44)

Petitioner's unsupported allegations in this Court fail to provide compelling evidence as to why the statements he made during the plea colloquy should not be presumptively accepted as true. Based on the record, the Court concludes that the Superior Court reasonably applied *Blackledge* in holding that Petitioner was bound by the representations he made during the plea colloquy and on the Truth–In–Sentencing form. The Court concludes that the statements Petitioner made during the plea process belie his present allegations that counsel performed deficiently by permitting him to enter an unknowing and involuntary guilty plea.

Petitioner also cannot satisfy the prejudice prong of the *Strickland/Hill* standard, as he cannot demonstrate that he would not have pled guilty but for counsel's alleged actions. As noted by the Superior Court, Petitioner derived a clear benefit by pleading guilty rather than risking a possible sentence of life without parole.

9

Thus, looking through the doubly deferential lens applicable to ineffective assistance of counsel claims on federal habeas review, the Court concludes that the Superior Court reasonably applied the *Strickland/Hill* standard in denying Petitioner's second ineffective assistance of counsel argument. Accordingly, the Court will deny Claim Two in its entirety.

### C. Claim Three: Prosecutorial Misconduct

In his final Claim, Petitioner asserts that his due process rights were violated because the "prosecution knew of exculpatory material which would prove no intent was present; nor were all elements o[f] statute proven beyond reasonable doubt." (D.I. 2 at 8) Petitioner alleges that "the State knew there was no footage of [him] throwing anything from the passenger side window on the 'dash-cam.' Therefore, the testimony given at the preliminary hearing was false and intent could never have been proven." (D.I. 4 at 15)

In his Rule 61 motion, Petitioner contended that "the State had a duty to dismiss the charges against him because the case against him was based on the 'lie' that his actions were captured on video." *Boykin*, 2017 WL 420162, at *1. The Superior Court denied this Claim as meritless "since it is predicated upon his failed claim of ineffective assistance of counsel." *Id.* at *4. On post-conviction appeal, the Delaware Supreme Court held that the "Superior Court did not abuse its discretion or commit legal error when determining that [his] claim . . . [of] prosecutorial misconduct [was] without merit." *Boykin*, 2018 WL 480511, at *2. Given these circumstances, Claim Three will only warrant relief if the Superior Court's decision was either contrary to, or an unreasonable application of, clearly established federal law.

In order for a prosecutorial misconduct claim to warrant federal habeas relief, the prosecutor's actions must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 180 (1986). A prosecutorial

10

misconduct claim must be examined in "light of the record as a whole" in order to determine whether the conduct "had a substantial and injurious effect or influence" on the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). In the Third Circuit, this inquiry involves examining "the prosecutor's offensive actions in context and in light of the entire trial, assessing the severity of the conduct, the effect of the curative instructions, and the quantum of evidence against the defendant" *Moore v. Morton*, 255 F.3d 95 (3d Cir. 2001).

Here, although the Superior Court did not cite federal constitutional law when denying the instant prosecutorial misconduct claim, its decision was neither contrary to, nor an unreasonable application of, clearly established federal law. As already discussed, the record belies Petitioner's contention that a police officer lied during the preliminary hearing about a dash cam video's contents. Since Petitioner's prosecutorial misconduct claim is premised on a non-existent error, the State did not engage in the type of misconduct alleged here. Consequently, the State's non-existent misconduct did not have a substantial and injurious effect on Petitioner's case. Given these circumstances, the Court concludes that the Superior Court's denial of the instant argument as meritless did not contradict or involve an unreasonable application of *Darden* and its progeny.

To the extent the Court should liberally construe Claim Two as alleging that the State violated *Brady v. Maryland*, 373 U.S. 83 (1964), by failing to disclose other exculpatory evidence prior to Petitioner entering the plea, the argument is unavailing. Nothing in the record indicates that the State suppressed any evidence and, once again, the record conclusively shows that the State did not present false testimony during the preliminary hearing. Accordingly, the Court will deny Claim Three.[3]

---

[3]To the extent Petitioner includes a request for an evidentiary hearing and appointment of counsel in his Petition, they are denied. The Court denied a Motion for Appointment of Counsel on February

11

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied. An appropriate Order will be entered.

---

28, 2019. (D.I. 5; D.I. 8) In turn, having concluded that the arguments in the instant Petitioner are factually baseless and meritless, an evidentiary hearing is not warranted.